Alfred J. Callahan, J.
In this automobile accident case plaintiff sued Ms host driver (hereinafter called “ Lewis ”) and Motor Vehicle Accident Indemnification Corporation (hereinafter called “ MVAIC ”). His complaint alleged that his host was negligent in failing properly to control the vehicle in which he was a passenger and that MVAIC was liable because an *665 unidentified taxicab had struck Lewis’ car in the rear, causing it to be propelled into a parked truck.
Plaintiff was the only witness as to the manner in which the accident happened. In substance, his testimony was that he was seated next to Lewis who was driving his vehicle on a wet cobblestone roadway at about 30 miles per hour when an unidentified taxicab after several unsuccessful attempts to pass Lewis’ car struck same in the rear, causing it to go into a skid and eventually strike a parked truck. At the end of plaintiff’s case the court reserved decision on Lewis’ motion to dismiss and denied that of MVAIC.
Lewis having rested, without offering any evidence, MVAIC then called a police officer who testified that upon his arrival at the scene of the accident he examined Lewis’ car and found damage to the right front thereof, but none to its rear. Said officer was cross-examined by Lewis’ counsel.
At the end of the entire case the court again reserved decision on Lewis’ motion to dismiss and denied a similar motion on behalf of MVAIC. After a charge to which no exceptions were taken, the jury returned a verdict for plaintiff against Lewis and in favor of MVAIC.
Lewffi having renewed his motion to dismiss at the end of plaintiff’s case and at the end of the entire case, and having moved to set aside the verdict as contrary to the evidence, the court reserved decision as to all such motions. Said motions are now denied. The court is of the opinion that plaintiff’s testimony made out a prima facie case against Lewis; that a jury rationally could have found that Lewis’ failure properly to control his vehicle was at least a concurrent cause of the accident. (See Pfaffenbach v. White Plains Express Corp., 17 N Y 2d 132,136; Trappio v. National Auto Renting Co., 27 A D 2d 750, affd. 20 N Y 2d 848.)
In any event, such doubts as were entertained by the court at the end of plaintiff’s case as to his right to go to the jury against Lewis were resolved by testimony of the police officer called by the codefendant, MVAIC. Such testimony, in the court’s opinion, was sufficient to enable the jury to infer that Lewis ’ car was not struck in the rear and that the accident was caused solely by Lewis’ negligent failure to keep his vehicle under control. It is now well settled that in the situation above described the plaintiff has the right to rely upon any evidence in his favor, whether adduced by him or by a codefendant. In Bopp v. New York Elec. Vehicle Transp. Co. (173 N. Y. 33, 35) it was held that this was true only if the defendant sought to be held continued in the case after denial of his motion to *666 dismiss the complaint at the close of plaintiff’s case. However, in 1937 the 'Civil Practice Act was amended so to abolish this limitation.
If the holding in Bopp presently constituted a correct exposition of the law I would have no hesitation in holding that cross-examination of the police officer by Lewis’ counsel in the instant case was sufficient participation in the trial to bring the instant case within the rationale of Bopp. However, it would appear that the limitation pronounced in the Bopp case no longer obtains even though the provisions of the Civil Practice Act which expressly abrogated such limitation were not incorporated into the CPLR.. (See Supplementary Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 1002; Carmody-Forkosch, N. Y. Civil Practice [8th ed.], § 805, pp. 754, 755, notes 35, 36.) While I have been able to find no decisional law on the precise subject, the cited authorities indicate that the failure to incorporate the last sentence of subdivision 2 of section 212 of the Civil Practice Act into CPLR 1002 was inadvertent and convince me that today a plaintiff may rely upon any evidence in the case as against any defendant, whether or not said defendant continues to participate in the trial after his motion to dismiss at the end of plaintiff’s case is denied, or decision is reserved thereon.